IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK WILKERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-2349-G-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Senrick Wilkerson has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily dismissed.

**Background**

On December 17, 2010, Petitioner was convicted of compelling prostitution, sexual assault of a child, and sexual performance of a child in Cause Nos. F08-60213, F10-01183, and F10-01184. The trial court sentenced him to eight years imprisonment for each offense. *See Wilkerson v. State,* Nos. 05-11-00060-CR, 05-11-00061-CR, & 05-11-00062-CR, 2012 WL 2877623 (Tex. App. – Dallas July 16, 2012, pet. ref'd). He filed a direct appeal of the convictions, arguing that the evidence was insufficient to support his convictions and that the trial court erred in admitting certain evidence and in failing to submit a complete jury charge to the jury. *See id.* at *1. Petitioner's

-1-

convictions and sentences were affirmed. *See id*. His petitions for discretionary review were refused by the Texas Court of Criminal Appeals. *See Wilkerson v. State*, PD-0964-12, PD-0965-12, PD-0966-12 (Tex. Crim. App. Mar. 27, 2013). Many of Petitioner's state habeas writs were dismissed by the Court of Criminal Appeals because his direct appeals were still pending. The state habeas writs challenging each conviction have been denied. *See Ex parte Wilkerson*, WR-77,138-14 (Tex. Crim. App. Sept. 11, 2013); WR-77,138-15 (Tex. Crim. App. Sept. 11, 2013*);* WR-77,138-19 (Tex. Crim. App. Apr. 30, 2014).

Petitioner has also filed at least eight federal lawsuits attempting to challenge his convictions and has been sanctioned for repeatedly bringing frivolous or malicious lawsuits. *See Wilkerson v. Watkins,* No. 3:13-cv-1326-M -BF, 2013 WL 6620861, at *4 (N.D. Tex. Dec. 16, 2013) (citing cases), *appeal dism'd*, No. 14-10666 (5th Cir. July 25, 2014).

Petitioner has also filed four federal habeas petitions. The first petition was dismissed without prejudice for failure to exhaust state remedies. *See Wilkerson v. Thaler*, No. 3:13-cv-1694-M (N.D. Tex. June 3, 2013). Currently pending are two other habeas challenges to his convictions for sexual assault of a child, sexual performance of a child, and compelling prostitution. *See Wilkerson v. Stephens*, No. 3:14-cv-476-P-BK, Dkt. No. 2 (N.D. Tex. Feb. 7, 2014); *Wilkerson v. Stephens,* No. 3:14-cv-2046-B-BK, Dkt. No. 2 (N.D. Tex. June 5, 2014). One of Petitioner's federal habeas petitions has been answered by Respondent on the merits, *see Wilkerson v. Stephens*, No. 3:14-cv-

476-P-BK, Dkt. No. 53, and Petitioner has submitted a reply brief, *see id.* at Dkt. No. 85.

By this habeas action, Petitioner again seeks post-conviction relief for all three convictions on numerous grounds. *See* Dkt. No. 3.

## Legal standards

A court may dismiss a complaint or any portion thereof filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the allegations are frivolous or malicious. *See* 28 U.S.C. § 1915A(b). A Section 2254 writ that duplicates claims asserted in an earlier-filed action that is currently pending or that has been ruled upon by the court may be deemed malicious and subject to summary dismissal. *See Harriman v. Thaler*, No. 3:11-cv-2870-L-BD, 2012 WL 1437746, at *2 (N.D. Tex. Feb. 9, 2012), *rec. adopted*, 2012 WL 1437744 (N.D. Tex. Apr. 24, 2012); *see also Brock v. Cockrell,* No. 3:03-cv-340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003) (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) and *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)).

## Analysis

Petitioner has previously challenged his sexual assault of a child, sexual performance of a child, and compelling prostitution convictions in two federal habeas petitions that are currently pending before other judges of the Court. *See Wilkerson v. Stephens*, No. 3:14-cv-476-P-BK; *Wilkerson v. Stephens,* No. 3:14-cv-2046-B-BK. Consequently, any collateral challenge to the convictions is duplicative and should be

summarily dismissed under 28 U.S.C. § 1915A(b). *See Harriman,* 2012 WL 1437746, at *2; *see also Brock,* 2003 WL 21418792, at *1.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *See id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell,* No. 3:03-cv-768-P, 2003 WL 21448362, at *2 (N.D. Tex. May 5, 2003), *rec. adopted,* 2003 WL 21488150 (N.D. Tex. May 15, 2003) (quoting *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989)). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the fourth time that Petitioner has tried to collaterally attack his state convictions in federal district court, and he has attempted to sue individuals related to the convictions in at least eight federal civil rights cases. Just last year, Petitioner was sanctioned $200.00 and barred from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge. *See Wilkerson v. Watkins,* 2013 WL 6620861, at *1.

Petitioner should be warned that additional sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his convictions.

## Recommendation

Petitioner's application for writ of habeas corpus should be summarily dismissed. In addition, Petitioner should be warned that sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his sexual assault of a child, sexual performance of a child, and compelling prostitution convictions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 21, 2014

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE